UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


IRMON C. WILLIAMS,

    Plaintiff,

v.                                                  Case No. 2:09-cv-35
                                                HON. R. ALLAN EDGAR

KATHY MENI, et al.,

    Defendants.

_____/


## REPORT AND RECOMMENDATION

Plaintiff Irmon C. Williams filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against several employees of the Michigan Department of Corrections (MDOC). Plaintiff's remaining claim is against former MDOC employee Kathy Meni. Plaintiff alleges that defendant Meni retaliated against him by keeping him in administrative segregation from July 11, 2006, until August 1, 2006. Defendant Meni asserts that housing reviews are conducted at least weekly at intervals of no more than seven days. She did review plaintiff's circumstances and continued plaintiff in administrative segregation. Plaintiff was placed in administrative segregation when he disobeyed an order given by staff to return to his cell. Plaintiff stayed in administrative segregation because he had received 63 misconduct tickets. In a Memorandum and Order dated September 28, 2012, this Court explained why plaintiff's retaliation claim lacks merit. Defendant Meni had not moved for summary judgment prior to the issuance of that Order. Defendant Meni now moves for summary judgment.

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

The court previously stated:

> Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, Plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action

was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in Defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001), *citing Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977).

The filing of a prison grievance is constitutionally protected conduct for which a prisoner cannot be subjected to retaliation. *See Smith*, 250 F.3d at 1037; *Burton v. Rowley*, 2000 WL 1679463, at *2 (6th Cir. Nov. 1, 2000). In addition, temporal proximity may be "significant enough to constitute indirect evidence of a causal connection so as to create an inference of retaliatory motive." *Muhammad v. Close*, 379 F.3d 413, 417-18 (6th Cir. 2004) (internal citation omitted). However, "[c]onclusory allegations of temporal proximity are not sufficient to show a retaliatory motive." *Skinner v. Bolden*, 89 Fed. Appx. 579, 580 (6th Cir. 2004); *see also Brandon v. Bergh*, 2010 WL 188731, at *1 (W.D. Mich. Jan. 16, 2010) ("Even if temporal proximity may in some cases create an issue of fact as to retaliatory motive, it would only be sufficient if the evidence was 'significant enough.'"). In this case, the Sixth Circuit found the temporal proximity between Plaintiff's filing of grievances and his classifications to or continuance in administrative segregation to be sufficient to allege causation.

However, a burden-shifting approach must be utilized when analyzing the causation element of a retaliation claim. "Once the plaintiff has met his burden of establishing that his protected conduct was a motivating factor behind any harm, the burden of production shifts to the defendant. If the defendant can show that he would have taken the same action in the absence of the protected activity, he is entitled to prevail on summary judgment." *Thaddeus-X*, 175 F.3d at 399. Defendants allege that they would have taken the same actions without the protected activity. In support of this, Defendants attach the misconduct hearing report at which Plaintiff was found guilty of disobeying a direct order to return to his cell. Doc. No. 25, Ex. JJ. Defendants also attach a copy of Plaintiff's Security Classification Notice, which states that he was assigned to administrative segregation as a result of the finding of guilt on the misconduct violation. Doc. No. 25, Ex. KK. Finally, Defendants note that the misconduct violation was Plaintiff's sixty third major misconduct in

>
> the previous five year period, and attach the affidavit of Defendant Tribley in support of that statement. Doc. No. 25, Ex. LL. In response, Plaintiff states that he was unfairly found guilty of the major misconduct violation after he refused to return to his cell because it was "infested" with tobacco smoke. Plaintiff also asserts that the continuances of keeping him in administrative segregation were based on his refusal to return to the infested cell, rather than any disciplinary problems on his part. Plaintiff has attached several administrative segregation behavior review forms to his complaint. Doc. No. 1, Ex. J-S. While some of these forms are illegible, those that are legible provide the following justifications for keeping Plaintiff in administrative segregation: "needs to stay misconduct free for longer period of time"; "stay longer tickets free"; "seriousness of offense"; "circumstances and prior behavior warrant a longer period of segregation...". Those justifications support Defendants' argument that Plaintiff's continuances in administrative segregation were based on his history of disciplinary problems.
>
> Defendants have presented evidence indicating that Plaintiff was placed in administrative segregation due to his major misconduct violation and that he was someone who had a significant number of major misconduct violations. The Court finds this evidence to be sufficient in demonstrating that Defendants had reasons other than Plaintiff's protected conduct to assign Plaintiff to and keep him in administrative segregation. Defendants have successfully shown that they would have taken the same actions even without Plaintiff's protected activity.

Memorandum and Order, docket #42, at 11-13. In the opinion of the undersigned, defendant Meni is entitled to dismissal from this action.[1]

Accordingly, it is recommended that defendant Meni's Motion for Summary Judgment (Docket #43) be granted and this case be dismissed in its entirety.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt

---

[1] For the reasons stated previously, plaintiff's claims against defendant Meni in her official capacity are also subject to dismissal.

of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

        /s/ Timothy P. Greeley
        TIMOTHY P. GREELEY
        UNITED STATES MAGISTRATE JUDGE

Dated:  May 14, 2013