UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

IRMON C. WILLIAMS #317017,

        Plaintiff,                  Case No. 2:09-cv-35

v.                                               Honorable R. Allan Edgar

MICHAEL MARINED, et al.,

        Defendants.

_____/

## MEMORANDUM AND ORDER

On September 28, 2012, this Court entered a Memorandum and Order granting Defendants Capello, Lesatz, McQuiggin, and Tribley's motion for summary judgment and dismissing Plaintiff's claims against them. Doc. No. 42. This case remains pending against Defendant Meni. Plaintiff has filed a motion for reconsideration of the September 28, 2012 Memorandum and Order. Doc. No. 47. In that document, Plaintiff also asks that Judge R. Allan Edgar disqualify himself from this case and requests appointment of counsel.

A district court may relieve a party from a final judgment, order, or proceeding for any reason that justifies relief. Fed. R. Civ. P. 60(b)(6). To be successful on a motion for reconsideration, "[t]he movant shall not only demonstrate a palpable defect by which the Court and the parties have been misled, but also show that a different disposition of the case must result from a correction thereof." W.D. Mich. LCivR 7.4(a). Presenting the same issues ruled on previously by the Court is insufficient. *Id.*

In his motion for reconsideration, Plaintiff asserts that all defendants acted with deliberate indifference to his serious medical need. This argument is irrelevant, since there was no Eighth Amendment claim as to Defendants Lesatz, McQuiggin, Tribley, and Meni

following the Sixth Circuit's remand, and since the Court dismissed Plaintiff's Eighth Amendment claim against Defendant Capello on exhaustion grounds. Plaintiff further alleges that defendants' decision to keep Plaintiff in administrative segregation was retaliatory. The Court previously addressed this allegation, finding that Defendants Lesatz, McQuiggin, and Tribley had successfully shown that they would have taken the same actions even without Plaintiff's protected activity.

Plaintiff argues that the Court incorrectly found that he had failed to exhaust his administrative remedies with regard to his claim against Defendant Capello. Plaintiff's complaint alleged that Defendant Capello failed to address the relief requested in the kite that Plaintiff sent Defendant Capello after he became warden at AMF. Plaintiff did not grieve that issue through the three step grievance process. Plaintiff's claim against Defendant Capello will not be reinstated.

Plaintiff asserts that the Court committed numerous errors of law in its analysis of his First Amendment retaliation claims. Plaintiff further asserts that this Court lacked jurisdiction to make that determination, because the Sixth Circuit had verified his First and Eighth Amendment claims. The Sixth Circuit found that Plaintiff had stated First and Eighth Amendment claims, and remanded the case to this Court. This Court had jurisdiction to rule on defendants' subsequent motions for summary judgment. Plaintiff's argument is without merit.

Finally, Plaintiff objects to the validity of the Court's September 28, 2012 Memorandum and Order because it did not contain a signature or date on the last page. That inadvertent mistake does not affect the Memorandum and Order's validity. W.D. Mich. L.R. Civ. 5.7(e)(iv) provides that the electronic filing of an opinion, order, judgment or other document by a judge (or authorized member of the judge's staff) by use of the judge's login

and password shall be deemed the filing of a signed original document for all purposes. Plaintiff's motion for reconsideration [Doc. No. 47] is without merit, and is DENIED.

Plaintiff has also requested that Judge R. Allan Edgar disqualify himself from this case. 28 U.S.C. § 455 provides in part:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> (b) He shall also disqualify himself in the following circumstances: (1) where he has a personal bias or prejudice concerning a party...

28 U.S.C. § 455. The standard is an objective one. Plaintiff must prove that a reasonable person, knowing all the facts and circumstances, would believe that Judge R. Allan Edgar is biased or prejudiced against him. *Consolidated Rail Corp. v. Yashinsky*, 170 F.3d 591, 597 (6th Cir. 1999); *Roberts v. Bailar*, 625 F.2d 125, 129 (6th Cir. 1980). Plaintiff has failed to meet this burden. Plaintiff has not alleged any facts to support his broad statement that Judge Edgar's impartiality might reasonably be questioned. Plaintiff's motion for Judge Edgar to disqualify himself [Doc. No. 47] is DENIED.

Plaintiff has also requested appointment of counsel. Indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v. Michigan Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). Appointment of counsel is a privilege that is only justified in exceptional circumstances. In determining whether to exercise its discretion and appoint counsel, the Court should consider the complexity of the issues, the procedural posture of the case, and Plaintiff's apparent ability to prosecute the action without the help of counsel. *See Lavado*, 992 F.2d at 606. The Court has carefully considered these factors and determines that, at

this stage of the case, the assistance of counsel does not appear necessary to the proper presentation of Plaintiff's position. Plaintiff's request for appointment of counsel [Doc. No. 47] is denied.

On May 14, 2013, U.S. Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") in which he recommended that Defendant Meni's motion for summary judgment be granted and this case be dismissed in its entirety. Doc. No. 51. Magistrate Judge Greeley found that, as was the case with Defendants Lesatz, McQuiggin, and Tribley, Defendant Meni successfully showed that she would have taken the same actions without Plaintiff's protected activity and was therefore entitled to summary judgment on Plaintiff's retaliation claim. Plaintiff has not filed any objections to the R&R.

After reviewing te record, the Court APPROVES and ADOPTS Magistrate Judge Greeley's R&R as the opinion of the Court, pursuant to 28 U.S.C. § 636(b)(1) and W.D. Mich. L. Civ. R. 72.3(b). Plaintiff's motions for reconsideration, disqualification of Judge Edgar, and appointment of counsel [Doc. No. 47] are DENIED. Plaintiff's claims are DISMISSED in their entirety. This case is DISMISSED WITHOUT PREJUDICE as to Defendant Capello and DISMISSED WITH PREJUDICE as to Defendants Lesatz, McQuiggin, Tribley, and Meni.

A Judgment consistent with this Memorandum and Order will be entered.

SO ORDERED.


Dated:     9/16/2013              /s/ R. Allan Edgar
                                  R. Allan Edgar
                                  United States District Judge